UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY A. FUENTES, | : CIVIL ACTION NO. 3:CV-08-0271 |
| Plaintiff | : (Judge Nealon) |
| v. | : FILED SCRANTON |
| LYCOMING COUNTY PRISON, et al., | : DEC 12 2008 |
| Defendants | : PER M.B.V. DEPUTY CLERK |

## MEMORANDUM AND ORDER

### BACKGROUND

Plaintiff, an inmate confined in the Lycoming County Prison, Montoursville, Pennsylvania, filed this counseled civil rights action pursuant to 42 U.S.C. § 1983. The named Defendants are the Lycoming County Prison, Officer Louis Cochran, C. Lynch, L.P.N and K. Poorman, R.N. Plaintiff's action is proceeding via an amended complaint (Doc. 12) and centers around Defendants' alleged deliberate indifference to Plaintiff's medical needs and Defendants' alleged violation of Plaintiff's due process rights. Presently pending before the Court is Defendants' motion to dismiss the amended complaint. (Doc. 21). The motion is fully briefed and is ripe for disposition. Also before the Court is Plaintiff's motion to

1

quash Defendants' motion to dismiss the amended complaint and Plaintiff's motion for default judgment. (Doc. 23). For the reasons set forth below, the motion to dismiss will be granted and Plaintiff's motions to quash and for default judgment will be denied.

**Procedural History**

On February 11, 2008, the Plaintiff initiated this action. (Doc. 1, complaint). The complaint named the Lycoming County Prison/Jail, Officer Louis Doe Cochran and Nurse Jane Doe. Summonses were issued as to all Defendants on February 12, 2008. After Plaintiff's personal service of the complaint on the Defendants, a motion to dismiss the complaint was filed on April 10, 2008. (Doc. 3). On May 2, 2008, in response to the motion to dismiss, Plaintiff filed a motion to amend/correct his complaint. (Doc. 6). Plaintiff's proposed amended complaint named as Defendants, the Lycoming County Prison/Jail, Officer Louis Cochran, C. Lynch, L.P.N. and K. Poorman, R.N. Id. By Order dated June 6, 2008, Plaintiff's motion to amend was granted and his proposed amended complaint was accepted, filed and docketed. (Doc. 11). On June 16, 2008, Defendants' counsel accepted service of the amended complaint on behalf of the named Defendants. (Docs. 13-16).

On July 7, 2008, Defendants filed a motion to dismiss the amended complaint. (Doc. 21). Also on July 7, 2008, Plaintiff filed a motion to quash Defendants' motion to dismiss the amended complaint and a motion for default judgment. (Docs. 22, 23). Plaintiff contends that entry of default against the Defendants is proper because they failed to answer the amended complaint within the specified time set forth by the Federal Rules of Civil Procedure. The Court finds that Defendants are, technically, in default under Fed.R.Civ.P. 55(a), however, it will deny the motions to quash Defendants' motion to dismiss and for default judgment in favor of deciding the suit on the merits.

In order for entry of default to be proper Defendants' failure to file an answer must have been in violation of the Federal Rules of Civil Procedure. Rule 55(a) controls whether entry of default is appropriate. The rule provides: "When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). Where the requirements of the rule are fulfilled, the entry of a default is a "purely formal matter," and the default should be entered by the clerk, without application to the court. <u>Orange Theatre Corp. v. Rayherstz Amusement Corp.</u>, 130 F.2d 185, 187

(3d Cir. 1942). Therefore, for default to be proper, the Defendants' failure to plead must have violated the Federal Rules of Civil Procedure.[1]

A defendant is not required to file a responsive pleading until the plaintiff properly serves the complaint, or the amended complaint. Federal Rule of Civil Procedure 12(a)(1) specifies when a defendant must serve an answer. The rule prescribes that an answer be served "within 20 days after being served with the summons and complaint, or ... if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent." Fed.R.Civ.P. 12(a)(1)(A), (B). The time to respond does not start running until the complaint is served. See id. Therefore, a defendant is not required to answer until the plaintiff properly serves the complaint. See Yarbrough v. Garrett, No. 06-14021, 2007 WL 2049293, at *3 (Slip Copy) (E.D.Mich.2007) (finding that because defendant had not been formally served, the time for filing of the answer never began to run, and thus, the answer was not untimely).

It follows that if an amended complaint is filed, a defendant is not obligated to answer the amended complaint until it is properly served. Federal Rule of Civil

---

1. The clerk has not entered Defendants' default.

4

Procedure 15(a) provides that a plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). An amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Thus, a defendant is not required to answer the original complaint once the amended complaint is filed. Rule 15(a) does, however, require a defendant to respond to an amended complaint within a specific time frame. Specifically, Federal Rule of Civil Procedure Rule 15(a)(3) provides that a response to an amended complaint must be filed within the later of the time remaining to respond to the original pleading or ten (10) days after service of the amended pleading, unless the Court orders otherwise. See also Nelson v. Adams USA, Inc., 529 U.S. 460, 461 (2000).

The record in the instant action reveals that Defendants were personally served with a summons and amended complaint on June 16, 2008, (Docs. 13 - 16), and did not file a motion to dismiss the amended complaint until July 7, 2008. (Doc. 21). The record reveals that Defendants failed to properly plead or otherwise defend as provided by the Federal Rules of Civil Procedure and are, technically, in default. See Fed.R.Civ.P. 55(a).

Although entry of default against the Defendants would be proper, the Court denies the motions for entry of default and default judgment in favor of deciding the case on its merits. The Court must consider the United States Court of Appeal's strong disfavor for default judgments and preference to decide cases on the merits. See U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). The Third Circuit recognizes the court's broad discretion whether to grant a default judgment. Hurst v. Rehoboth Beach, No. Civ.A. 03-362-KAJ, 2005 WL 823867, at *3 (D.Del. 2005) (unpublished) (citing Jorden v. National Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989)). The Third Circuit has repeatedly held that three factors control whether a default judgment should be set aside or granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether defendant's delay is due to culpable conduct."

Jorden, 877 F.2d at 250-51; Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

First, Plaintiff will not be prejudiced if default is denied. Nor does Plaintiff offer any argument that he will be prejudiced. See (Doc. 25, Brief in Support of Motion to Quash and for Default Judgment). Second, Defendants have a meritorious defense. They maintain that Plaintiff has failed to exhaust his administrative remedies prior to filing an action in federal court. Third, Defendants' delay was not due to culpable conduct. Culpable conduct means "actions taken willfully or in bad faith." Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)). It is clear from the record and Defendants' representations that their actions were not wilful or in bad faith.

The record reveals that Plaintiff was permitted to file an amended complaint by Court Order dated June 6, 2008. (Doc. 12). On June 16, 2008, Defendant's counsel accepted personal service of the summonses and amended complaint. (Docs. 13-16). The face of the summons served on Defendants' counsel stated that Defendants' counsel was to serve, on Plaintiff's counsel, an answer to the amended complaint, within twenty (20) days after service of the summons on Defendants. Id.

In relying on this summons served with the amended complaint, Defendants filed a motion to dismiss the amended complaint on July 7, 2008, (Doc. 21), twenty days after having been served with the amended complaint. Defendants believed that "by procuring summons advising Defendants that a response must be filed within twenty (20) days and serving those summons upon the Defendants, Plaintiff effectively enlarged Defendants' time for filing a response to the Amended Complaint." (Doc. 30, p. 4). Thus, it is apparent that Defendants did not wilfully seek noncompliance with Rule 15(a)(3), and it appears that they have demonstrated every intention of defending this law suit. As such, this Court finds that Defendants' delay in responding does not require the entry of default judgment. See Comdyne I, Inc. v. Corbin, 908 F. 2d 1142, 1147-48 (3d Cir. 1990) (a delay in responding does not require the entry of default judgment); Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983)(holding that a "marginal failure to comply with the time requirements imposed by the Rules" does not support the entry of default judgment, and entry of a default judgment under such circumstances would constitute an abuse of discretion). Accordingly, the Plaintiff's motions to quash Defendants' motion to dismiss and for default judgment are denied.

**Facts Alleged in Amended Complaint**

On October 16, 2007, Plaintiff injured the little finger on his left hand during recreation. Nurses, Lynch and Poorman treated Plaintiff's finger for two (2) days by taping the little finger to the next finger. After two days of being in pain, Plaintiff requested to be seen by a doctor.

On October 18, 2007, the prison doctor examined Plaintiff's finger and ordered his finger to be x-rayed. On October 19, 2007, the x-ray confirmed that the finger was badly broken.

On October 23, 2007, Plaintiff was seen by Dr. Thomas C. Connelly, a joint and bone specialist. Dr. Connelly casted Plaintiff's left hand and scheduled him for surgery.

On November 1, 2007, Dr. Connelly operated on Plaintiff's finger at the Williamsport Hospital. The operation consisted of inserting a wire into Plaintiff's finger, casting Plaintiff's hand, and putting his arm into a sling. As a result of putting a cast on Plaintiff's left hand, Dr. Connelly cut Plaintiff's prison identification armband off and placed the pieced together armband on Plaintiff's right arm.

Plaintiff claims to have twice been "written up" and placed in disciplinary housing by Defendant Cochran for having his "pieced together arm band on his right

arm and having the armband cut off Plaintiff's left arm to make room for the cast on his left hand." (Doc. 12, amended complaint). Plaintiff believes, however, that both write-ups were in "retaliation for the fact that Plaintiff had previously complained about Defendant, Louis Cochran instigated by his then Counselor Karen Sigh as a Corrections Officer who was racially biased against Puerto Ricans such as Plaintiff and made racial comments and acted in a discriminatory manner." Id. Plaintiff states that both write-ups were dismissed.

On February 11, 2008, Plaintiff filed the instant action, seeking compensatory and punitive damages for Defendants' deliberate indifference to his medical needs, and Defendants' violation of Plaintiff's due process rights, by placing Plaintiff in disciplinary custody on write-ups that were dismissed.

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R.Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to

the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. 2007) (quoting Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. Fed.R.Civ.P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." <u>Montville Twp. v. Woodmont Builders LLC</u>, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane</u>, 213 F.3d at 116-17.

**<u>Exhaustion of Administrative Remedies</u>**

Defendants argue that Plaintiff's amended complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of

the claim or of the relief sought. Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The availability of administrative remedies to a prisoner is a question of law. Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002). The PRLA requires exhaustion of such administrative remedies "as are available." 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. Ray, 285 F.3d at 295. In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss. Id. at 295 n.8.[2] In Ray, without permitting

---

2. Plaintiff's suggestion that it is improper to dismiss for failure to exhaust remedies at the pleadings stage is without merit. Ray states that: "[w]e do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases." Ray, 285 F.3d at 295 n.8.

13

discovery, the District Court granted the defendant's motion to dismiss or for summary judgment.

Although the failure to exhaust administrative remedies is normally an affirmative defense, the Defendants' argue that Plaintiff's failure to allege facts in his complaint, or amended complaint, that he had exhausted his available administrative remedies prior to commencing his federal law suit renders his failure to comply with the Prison Litigation Reform Act clear on the face of his complaint, and as a result, the complaint against Defendants should be dismissed. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). More telling than Plaintiff's failure to allege exhaustion in his complaint or amended complaint is his concession in his brief in opposition, in which he concedes that an administrative appeal process was available to him at Lycoming County Prison, and that he did not exhaust administrative remedies. (Doc. 29, Brief in Opposition).

Plaintiff attaches his own affidavit to his brief in opposition to Defendants' motion to dismiss, in which he attempts to explain his failure to exhaust available administrative remedies. Id. Specifically, Plaintiff states that with respect to his medical claim, "it was impossible for [him] to exhaust administrative remedies in the two days it took [him] to see the facility doctor," and "[a]s far as the second incident

involving the prison guards, [Plaintiff] was placed in the disciplinary housing" and "never learned of the results of any disciplinary complaint filed...until [he] was released from the disciplinary housing (hole)." Id. Plaintiff claims that "when [he] was released it was already too late to appeal any of the grievances, already too late to file an administrative appeals of the disciplinary complaints." Id. Plaintiff concludes with "at least the two disciplinary complaints about my armband were denied." Id. Thus, it appears that Plaintiff did not feel that exhaustion of administrative remedies was necessary because the matters were resolved. Plaintiff, however, fails to appreciate the import of the exhaustion requirement.

  The United States Court of Appeals for the Third Circuit has held that a prisoner's failure to comply with the procedural and substantive requirements of a prison's grievance policy results in procedural default thereby precluding an action in federal court. Spruill, 372 F.3d 218. The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement. Woodford, 126 S. Ct. at 2382.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule ... courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Id. at 2385-86 (internal citations, quotations and footnotes omitted). The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 2387. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a

sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 2387-88.

In the case at bar, Plaintiff procedurally defaulted his claims by failing to file any grievances concerning them. Plaintiff admits that he did not file any grievances. He then tries to make excuses for his failure to file a grievance. In Nyhuis, supra, the Third Circuit found that carving a futility exception into the PLRA would frustrate the Congressional purpose to stem the tide of prisoner lawsuits. In addition, the Court noted that such an exception would merely allow clever inmates to plead their way around the PLRA's exhaustion mandate by alleging that exhaustion would be futile. Id. The same problem exists in the instant case. Adopting a rule that permits prisoners to avoid the exhaustion requirements merely by claiming that they were prevented from filing a grievance would create an exception to the PLRA large enough to swallow the general rule. Based on the Third Circuit's holding that permitting such an exception would undermine Congressional purpose, this Court refuses to adopt such an exception.

As stated by the Third Circuit, "it is beyond the power of this court-or any other-to excuse compliance with the exhaustion requirement, whether on the ground

of futility, inadequacy or any other basis." <u>Nyhuis</u>, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in <u>Booth</u>. Consequently, this Court is required to follow the Supreme Court's directive in <u>Booth</u> and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. <u>Accord</u> <u>Quillar v. Brinkman</u>, 63 Fed.Appx. 361, 362 (9th Cir. 2003) ("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies."). An appropriate Order will be entered.

Dated: December 12, 2008

United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY A. FUENTES, | : | CIVIL ACTION NO. 3:CV-08-0271 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| LYCOMING COUNTY PRISON, et al., | : | |
| Defendants | : | |

**ORDER**

**NOW, THIS 12th DAY OF DECEMBER, 2008,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to quash Defendants' motion to dismiss Plaintiff's amended complaint and Plaintiff's motion for default judgment (Docs. 22, 23) are **DENIED**.

2. Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 21) is **GRANTED**.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

**United States District Judge**